UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BARRINGTON GRAY,

                Plaintiff,

      -against-

CORRECTIONS OFFICER RIPP,
SGT. MCKINNEY, #294;

                Defendants.
----------------------------------------------------------------X
BARRINGTON GRAY,

                Plaintiff,

      -against-

NASSAU COUNTY SHERIFF DZURENDA,
SGT. MCKINNLEY, OFFICER RIPP,
4 ADDITIONAL UNKNOWN OFFICERS,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-2585 (JMA)(AYS)

**FILED**
**CLERK**
12/9/2020 10:04 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

20-CV-2865 (JMA)(AYS)

**AZRACK, United States District Judge:**

      Incarcerated pro se plaintiff Barrington Gray ("Plaintiff") has filed two similar in forma pauperis complaints alleging claims arising from the same event alleged to have occurred on April 30, 2020. For the reasons that follow, the application to proceed in forma pauperis filed for the complaint assigned docket number 20-2865 ("Gray II") is granted and that complaint is consolidated with the case assigned docket number 20-2585 ("Gray I").

                              **I.    BACKGROUND**

**A. Gray I**

      On June 10, 2020, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against the Nassau County Jail (the "Jail"), the Nassau County Sheriff's Department (the "Sheriff's

Department"), Nassau County Sheriff Dzurenda ("Sheriff Dzurenda"), Corrections Officer ("C.O. Ripp"), Sgt. McKinney, Donna L. Hennig ("Hennig"), and three unidentified corrections officers alleging that, on April 30, 2020, he slipped on a puddle of water by the showers at the Jail and fell. (Gray I, ECF No. 1.)[1]

By Order dated August 18, 2020, the Court granted Plaintiff's application to proceed in forma pauperis, denied Plaintiff's application for the appointment of pro bono counsel without prejudice, and sua sponte dismissed Plaintiff's claims with prejudice as against the Jail and the Sheriff's Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to allege a plausible claim. (Gray I, ECF No. 15.) The Court also dismissed Plaintiff's claims against Sheriff Dzurenda and Hennig without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and ordered that Plaintiff's claims against C.O. Ripp and Sgt. McKinney shall proceed. (Id.)

**B. Gray II**

On June 29, 2020 Plaintiff filed another in forma pauperis complaint against Sheriff Dzurenda, Sgt. McKinney[2], Officer Ripp, and four unknown corrections officers alleged to work at the Jail alleging claims arising from his April 30, 2020 slip and fall. (Gray II, ECF No. 1.) Again, Plaintiff did not remit the filing fee, nor did he file an application to proceed in forma pauperis and the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency also dated June 29, 2020, Plaintiff was instructed to either remit the $400

---

[1] Plaintiff did not remit the filing fee nor did he file an application to proceed in forma pauperis and the required Prisoner Litigation Authorization form ("PLRA") at the time he filed the complaint. Accordingly, by Notice of Deficiency also dated June 10, 2020, Plaintiff was instructed to either, within fourteen (14) days, remit the $400 filing fee or complete and return the enclosed in forma pauperis application and PLRA. (See Gray I, ECF No. 3.) On June 22, 2020, Plaintiff filed a letter describing his financial status and the PLRA. (See Gray I, ECF Nos. 6-7.) On July 9, 2020, Plaintiff filed an in forma pauperis application and another PLRA and, on July 14, 2020, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (See Gray I, ECF Nos. 10-12.)

[2] Although Plaintiff uses several different spellings for Sgt. McKinney in the complaint filed in Gray II, the Court understands that Plaintiff intends to name Sgt. McKinney, the same individual he named in Gray I.

2

filing fee or complete and return the enclosed in forma pauperis application and PLRA within fourteen (14) days. (Gray II, ECF No. 2.) Having failed to comply, by Order dated August 14, 2020, the Court extended Plaintiff's time to comply through September 1, 2020. (Gray II, ECF No. 6.) On August 26, 2020, Plaintiff timely filed an application to proceed in forma pauperis and the PLRA. (Gray II, ECF Nos. 7-8.)

Upon review of Plaintiff's submissions, the Court finds that he is qualified by his financial status to commence Gray II without prepayment of the Court's filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis is granted. However, for the reasons set forth in Gray I and below, Plaintiff's claims against Sheriff Dzurenda are sua sponte dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for failure to allege a plausible claim. Plaintiff's claims against C.O. Ripp and Sgt. McKinney shall proceed and are consolidated with the claims alleged in Gray I.[3]

## II.   THE COMPLAINT IN GRAY II[4]

Like his complaint in Gray I, Plaintiff's complaint in Gray II is brief. It is submitted on the Court's Section 1983 complaint form with a handwritten two-page attachment. (See Gray II, ECF No. 1.) Plaintiff again alleges that on April 30, 2020, he slipped on a puddle of water by the showers at the Jail and fell. Plaintiff describes that "he landed on his back" and "heard a pop in my back." (Gray II, Compl., Ex. A.) According to Plaintiff, he requested assistance from the unidentified corrections officers present, but they laughed and told him to get up. (Id.) Sgt.

---

[3] Plaintiff does not provide any identifying information regarding the unnamed individual defendants. Accordingly, should Plaintiff learn their identities during discovery, he may seek leave to amend the complaint at such time.

[4] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

McKinney and Officer Ripp are alleged to have then picked plaintiff up off the floor "and assaulted me while they carried me to my cell." (Id.) Plaintiff claims he was in "extreme pain" and requested medical attention. (Id.) Plaintiff alleges that his request was denied, and he was not given his evening medication. (Id.) According to the complaint, the next morning, May 1, 2020, "the nurse accepted my sick call for immediate medical attention" and Plaintiff was given a back brace and unspecified medication. (Id.) A few days later, Plaintiff alleges that a "secondary nurse reviewed my injuries and decided to give me steroid medication, physical therapy," and moved Plaintiff to the Jail's medical unit. (Id.) As a result, for relief, Plaintiff seeks, inter alia, a damages award in the sum of $20 million.

### III. DISCUSSION

#### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence Gray II without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application in Gray II to proceed in forma pauperis is granted.

#### B. Consolidation of the Complaints in Gray I and Gray II

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation is appropriate in order to serve the interests of judicial economy. See, e.g., Jacobs v. Castillo, No. 09 Civ. 953, 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation

would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (citing Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991)); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). "The first-filed rule [] provides 'that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" Horowitz v. 148 South Emerson Assocs. LLC, 888 F.3d 13, 22 (2d Cir. 2018) (quoting AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 722 (2d Cir. 2010)); see also Burns v. Cnty. of Nassau, 337 F. Supp.3d 210, 213 (E.D.N.Y. 2018) (internal quotation marks omitted). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the complaints filed by Plaintiff both allege deprivations of his constitutional rights by the named defendants—who are the same in both complaints—and seek to impose liability arising from the same April 30, 2020 incident. Indeed, Plaintiff alleges that the facts involved in each complaint are the same. (See Gray I and Gray II, Compls. generally, ECF Nos. 1.) Accordingly, the Court orders that Plaintiff's complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 20-CV-2585. The Clerk of Court is directed to: (1)

consolidate these actions; and (2) mark Gray II (20-CV-2865) closed. All future filings are to be docketed in only 20-2585.

### C. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim

6

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

### D. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d

7

470, 484 (2d Cir. 2006)).

**1.     Section 1983 Claims Against Sheriff Dzurenda**

Plaintiff names Sheriff Dzurenda as a defendant in the caption of the Gray II complaint but does not include any factual allegations against him. Indeed, the complaint does not again mention Sheriff Dzurenda other than in the "Identification of Parties" section. (See Gray II Compl., ECF No. 1 at 2.) As noted above, in order to allege a plausible Section 1983 claim, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid, 593 F.3d at 249. "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff Dzurenda as a defendant, there are no allegations of conduct or inaction attributable to him. Nor does Plaintiff include any factual allegations such that the Court could reasonably construe a plausible Section 1983 claim based on a supervisory liability theory. Accordingly, Plaintiff's sparse allegations do not allege plausible claims as against Sheriff Dzurenda and thus are dismissed without prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B)(ii), 1915A(b).

### 2. Claims Against C.O. Ripp and Sgt. McKinney

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims alleged against C.O. Ripp and Sgt. McKinney at this early stage in the proceedings. Accordingly, such claims shall proceed and are consolidated with those alleged in Gray I.

Given the National Emergency caused by the COVID-19 virus, the Court requests that the Clerk of the Court send a copy of this order together with the Gray II complaint to the Nassau County Attorney and requests that the Nassau County Attorney accept service on behalf of these defendants. The Nassau County Attorney, who has already appeared to defend these defendants in Gray I, need not undertake to defend these individuals. Rather, in the interests of efficiency and economy, acceptance by the County Attorney would obviate the need for service by the United States Marshal Service, which is presently suspended. See Admin. Orders 2020-12, 2020-19, 2020-19-1.

### IV. CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed in forma pauperis in Gray II is granted and the complaints in Gray I and Gray II are consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 20-CV-2585. The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark Gray II (20-CV-2865) closed. All future filings are to be docketed in only 20-2585. Plaintiff's claims against Sheriff Dzurenda in Gray II are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff's claims against C.O. Ripp and Sgt. McKinney shall proceed. The Clerk of Court shall send a copy of this order together with the Gray II complaint to the Nassau County Attorney and requests that the Nassau County Attorney accept service on behalf of these defendants.

9

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to Plaintiff at his last known address.

**SO ORDERED.**

Dated: December 9, 2020  
      Central Islip, New York

     /s/ (JMA)  
Joan M. Azrack  
United States District Judge